| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER<br>STATE OF COLORADO<br>Boulder County Combined Court<br>1777 6th St.<br>Boulder, CO 80302 | DATE FILED: February 8, 2020 2:35 PM<br>FILING ID: D4CCAFBBA8FB2<br>CASE NUMBER: 2020CV30140 |
| **KATHRYN BUSCH,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DILLON COMPANIES, LLC, a foreign limited liability company; and**<br>**5M KS LLC, a Colorado limited liability company,**<br><br>**Defendants.** | ▲ COURT USE ONLY ▲<br><br>Case No. |
| *Attorney for Plaintiff:*<br>Francis K. Culkin, No. 2969<br>1776 South Jackson Street, Suite 411<br>Denver, Colorado 80210<br>Phone Number: (303) 830-1110<br>Fax Number: (303) 863-9221<br>E-mail:  Fculkinesq@aol.com | |
| **COMPLAINT AND JURY DEMAND** | |

   Plaintiff, Kathryn Busch, by and through her attorney, Francis K. Culkin, for her Complaint and Jury Demand against Defendants Dillon Companies, L.L.C., and 5M KS LLC, alleges and states as follow:

**JURISDICTION AND VENUE**

   1. Plaintiff, Kathryn Busch (hereinafter "Busch"), was and is a Colorado resident who resided at all relevant times at 4600 Meining Road, Berthoud, Colorado, 80513.

   2. Defendant Dillon Companies, L.L.C. (hereinafter "Dillon"), was an is a foreign limited liability company with its principal office address at 2800 East 4th Street, Hutchinson, Kansas, 67501.  Dillon has stores throughout Colorado and in the United States, including King Soopers grocery store #80 located at 995 South Hover Street, Longmont, Colorado, 80501 (hereinafter "the Property").  The Registered Agent for Dillon is Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado, 80120.

1

3. Defendant 5M KS LLC (hereinafter "5M", was and is a Colorado limited liability company with its principal place of business at 650 South Cherry Street, Suite 1400, Denver, Colorado, 80246. The Registered Agent is Macy Donald, 650 South Cheery Street, Suite 1400, Denver Colorado, 80246.

4. Venue is proper in Boulder County, State of Colorado pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 6 of this Complaint, as if set forth verbatim.

6. Upon information and belief, at all times relevant to this action, Defendants Dillon and 5M controlled and/or were responsible for maintaining the common areas, parking areas, walkways, entryways and pathways at 995 South Hover Street, Longmont, Colorado, 80501 (hereinafter "the Property").

7. Upon information and belief, at all times relevant to this action, Defendant Dillon was obligated to provide safe access and egress to and from the common areas, parking areas, walkways, entryways, and pathways at the Property.

8. Upon information and belief, at all times relevant to this action, Defendant 5M was obligated to provide safe access and egress to and from the common areas, parking areas, walkways, entryways, and pathways at the Property.

9. At all times relevant to this action, Defendants Dillon and 5M had a duty to exercise reasonable care in maintaining the common areas, parking areas, walkways, entryways and pathways and to use due care to ensure the safety of invitees entering, exiting or otherwise traversing the Property.

10. At all times relevant to this action, Defendants Dillon and 5M had a duty to use reasonable care in providing safe access and egress to and from the common areas, parking areas, walkways, entryways, and pathways and to avoid the use of objects which could create a hazard for an invitee entering, exiting, and otherwise traversing the premises.

11. On or about February 16, 2018, at approximately 5:15 P.M. bumper stops were in use in a portion of the common area parking lot designated as handicapped parking. The use of bumper stops constitutituted a dangerous condition on the Property. This portion of the common area parking lot was routinely used by invitees to access the King Soopers grocery store . Defendants Dillon and 5M were aware, or should have been aware, with the exercise of reasonable care, of this use of the Property.

12. At or about the aforementioned date, time and location, there were no warning signs regarding the use of bumper stops on the premises, particularly in the handicapped access area of the parking lot where Plaintiff slipped and fell.

13.     Defendants Dillon and 5M knew, or with the exercise of reasonable care should have known, that bumper stops were in use in the handicapped access area of the above-mentioned parking lot at the above date and time.

14.     The use of bumper stops is a known dangerous condition for landowners such as Defendants Dillon and 5M.

15.     Defendants Dillon and 5M knew, or with the exercise of reasonable care should have known, that invitees such as the Plaintiff would utilize the handicapped access parking lot on the aforementioned date and time.

16.     Upon information and belief, other invitees to the property had made complaints to Defendants after having tripped and fell on unreasonably dangerous conditions on the Property.  Therefore, Defendants Dillon and 5M had actual notice of the dangerous conditions on the Property and were aware invitees were tripped and fell due to Defendants use of bumper stops in the handicapped area.

17.     Upon information and belief, other invitees to the Property had reported and complained to Defendants that the use of bumper stops was dangerous.  Therefore, Defendants Dillon and 5M had actual notice that the use of bumper stops thus was creating unreasonably dangerous conditions on the Property.

18.     Defendants Dillon and 5M, knew, or with the exercise of reasonable care should have known, that the other safer methods of serving the function of bumper stops were aviable to ensure the safety of invitees such as the Plaintiff.

19.     Defendants Dillon and 5M's failed to use an available and safe method to perform the function of bumper stops and/or otherwise appropriately eliminate the dangerous condition that existed at the above-mentioned Property on the aforementioned date. Defendants also failed to warn users of the handicapped parking lot of the hazard posed by the use of bumper stops at the Property prior to the above date and time.

20.     On February 16, 2018, at approximately 5:15 P.M., Plaintiff entered into the Property to conduct business at the King Soopers grocery store #80 in which business Defendants and Plaintiff were mutually interested.  Plaintiff was thus an invitee to the Property as the term is defined in C.R.S. §132-21-115(5)(a).

21.     As Plaintiff entered the handicapped access parking area, after leaving the Dillon operated store, she tripped over the bumper stop and fell hard onto the asphalt of the handicapped parking area.

22.     When Plaintiff fell, she suffered various and significant injuries, including, but not limited to an injury to her right foot, her low back, her cervical spine and her left shoulder.

23. Plaintiff was not negligent and did not cause her injuries.

24. Upon information and belief, at all times relevant to this action, Defendants Dillon and 5M were entities legally responsible for the condition, activities conducted upon, and circumstances existing on the property where Plaintiff fell and was injured.

25. Plaintiff was an invitee and was lawfully on the premises when she fell.

26. Defendants Dillon and 5M knew, or with the exercise of reasonable care should have known, that the use of bumper stops in the area of the Property where Plaintiff fell and was injured posed an unreasonable danger to persons walking through the handicapped access parking area.

27. Defendants Dillon and 5M knew, or with the exercise of reasonable care should have known, that invitees such as Plaintiff would walk across the handicapped access parking area where Plaintiff fell.

28. At the date and location previously mentioned, Defendants Dillon and 5M, without due care, failed to maintain the property where Plaintiff fell in a safe condition for invitees such as Plaintiff.

29. As a direct and proximate result of the aforementioned dangerous condition at the Property for which Defendants Dillon and 5M were responsible, Plaintiff suffered significant injuries requiring surgeries, extensive rehabilitation and other medical care.

30. As a direct and proximate result of encountering the aforementioned dangerous use of bumper stops at the Property, Plaintiff sustained past and future economic damages, including, but not limited to medical expenses and rehabilitation expenses.

31. As a direct and proximate result of encountering the aforementioned dangerous use of bumper stops at the Property, Plaintiff sustained past and future non-economic damages, including, but not limited to, pain and suffering, inconvenience, loss of enjoyment of life, impairment of quality of life and emotional stress.

32. As a direct and proximate result of encountering the aforementioned dangerous use of bumper stops at the Property, Plaintiff sustained permanent impairment and disfigurement.

33. Defendants failure to maintain the aforementioned premises in a reasonably safe condition was the direct and proximate cause of Plaintiff's injuries and damages stated above.

### FIRST CLAIM FOR RELIEF – DEFENDANT 5M KS LLC
### Statutory Premises Liability
### Pursuant to C.R.S. § 13-21-115

34. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 33 of this Complaint, as if set forth verbatim.

35. Defendant 5M, as a "landowner" of the premises at issue, had a duty to use reasonable care to maintain the premises in a reasonably safe manner on the date and place set forth above pursuant to C.R.S. § 13-21-115.

36. Plaintiff's actions in walking across the handicapped access parking area at the Property at issue were foreseeable, as were Plaintiff's injuries that results on the date and place set forth above.

37. Defendant 5M knew, or should have known, that a dangerous condition existed on the premises at issue, namely the use of bumper stops at the date and place set forth above.

38. Defendant 5M knew, or should have known, that the handicapped access parking area was routinely used by invitees to access and egress the King Soopers grocery store #80 on the Property.

39. Defendant 5M had a duty to use reasonable care to protect Plaintiff and other users of its premises against the dangerous conditions discussed above.

40. Defendant 5M had a duty to warn Plaintiff of the dangerous conditions of the premises discussed above.

41. Defendant 5M failed to use reasonable care to protect Plaintiff against the dangerous conditions discussed above.

42. Defendant 5M's above-referenced failure to exercise reasonable care to protect Plaintiff from the dangers discussed above was a direct and proximate cause of Plaintiff's injuries.

43. Defendant 5M's breach of the aforementioned duties caused Plaintiff to sustain past and future damages as indicated above.

### SECOND CLAIM FOR RELIEF – DEFENDANTS DILLON
### Statutory Premises Liability
### Pursuant to C.R.S. § 13-21-115

44. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 47 of this Complaint, as if set forth verbatim.

45. Defendant Dillon, as a "landowner" of the premises at issue, had a duty to use reasonable care to maintain the premises in a reasonably safe manner on the date and place set forth above pursuant to C.R.S. § 13-21-115.

46. Plaintiff's actions in walking across the handicapped access parking area at the Property at issue were foreseeable, as were Plaintiff's injuries that results on the date and place set forth above.

47. Defendant Dillon knew, or should have known, that a dangerous condition existed on the premises at issue, namely the use of bumper stops in the handicapped access parking area, at the date and place set forth above.

48. Defendant Dillon knew, or should have known, that the handicapped access parking area was routinely used by invitees to access and egress the King Soopers grocery store #80 located on the Property.

49. Defendant Dillon had a duty to use reasonable care to protect Plaintiff and other users of its premises against the dangerous conditions discussed above.

50. Defendant Dillon had a duty to warn Plaintiff of the dangerous conditions of the premises discussed above.

51. Defendant Dillon failed to use reasonable care to protect Plaintiff against the dangerous conditions discussed above.

52. Defendant Dillon's above-referenced failure to exercise reasonable care to protect Plaintiff from the dangers discussed above was a direct and proximate cause of Plaintiff's injuries.

53. Defendant Dillon's breach of the aforementioned duties caused Plaintiff to sustain past and future damages as indicated above.

## **JURY DEMAND**

Trial to a jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiff prays for judgment against Defendant Dillon Companies, LLC, and 5M KS LLC, in an amount to be determined at trial, for pre and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem just and proper.

Dated this 8th day of February 2020.

Respectfully submitted,

/s/Francis K. Culkin
Francis K. Culkin, No. 2969
*Attorney for Plaintiff*

Plaintiff's Address:
4600 Meining Road
Berthoud, CO 80513

7